FILED
07 OCT 18 PM 3:40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07 CR 2915 JM |
| Plaintiff, ) | **I N D I C T M E N T** |
| v. ) | Title 18, U.S.C., Sec. 371 - Conspiracy to Commit Offenses Against the United States |
| QING LI, ) | |
| Defendant. ) | |

The grand jury charges:

**INTRODUCTORY ALLEGATIONS**

1. At all times relevant to this Indictment:

   a. In furtherance of world peace and the national security and foreign policy of the United States, the Arms Export Control Act (22 U.S.C. § 2778) authorized the President of the United States to control the export of "defense articles" on the United States Munitions List.

//
//
//
//

WPC:nlv(1):San Diego
10/18/07

b.  The United States Department of State, Directorate of Defense Trade Controls, regulated the export of defense articles by, among other things, requiring persons to apply for and receive validated licenses or other written approvals before exporting defense articles.

c.  It was the policy of the Department of State to deny licenses and other approvals for the export, reexport or retransfer of defense articles destined for the People's Republic of China (hereinafter, "China").

d.  The Endevco 7270A-200K was an accelerometer capable of measuring shocks up to 200,000 $g$ and more, was suitable for use in "smart" bombs and for measuring motions generated by nuclear and chemical explosives, and was a defense article on the United States Munitions List.

e.  Defendant QING LI resided in Connecticut.

f.  Unindicted coconspirator #1 was an individual in China seeking to acquire Endevco 7270A-200K accelerometers from the United States for a state-run agency in China.

g.  The Department of Homeland Security, United States Immigration and Customs Enforcement, was operating an undercover business within the Southern District of California (hereinafter, the "undercover business").

//
//
//

## CONSPIRACY

2. Beginning on a date unknown to the grand jury and continuing up to October 12, 2007, within the Southern District of California, and elsewhere, defendant QING LI did knowingly and intentionally agree and conspire with unindicted coconspirator #1, and other persons unknown to the grand jury, to commit offenses against the United States, to wit:

    a. to knowingly and willfully export, and cause to be exported, from the United States defense articles designated on the United States Munitions List, to wit, Endevco 7270A-200K accelerometers, without first having obtained from the Department of State a license for such export or written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and 22 CFR 121.1, 123.1, and 127.1; and

    b. to knowingly and intentionally buy, and facilitate the sale of, merchandise, articles and objects, to wit, Endevco 7270A-200K accelerometers, prior to exportation, knowing the same to be intended for exportation contrary to United States law and regulation, to wit, exportation without the license or written authorization required by Title 22, United States Code, Sections 2778(b)(2), and 22 CFR 121.1, 123.1 and 127.1(a)(1), in violation of Title 18, United States Code, Section 554.

//
//

**METHOD AND MEANS OF THE CONSPIRACY**

3.  It was a method and means of the conspiracy that defendant QING LI and unindicted coconspirator #1 would seek to acquire Endevco 7270A-200K accelerometers from a supplier within the United States for delivery to China without a license from the Department of State.

4.  It was a further method and means of the conspiracy that defendant QING LI and unindicted coconspirator #1 would use electronic mail ("e-mail") to locate the accelerometers within the United States and to negotiate price, payment and delivery terms.

5.  It was a further method and means of the conspiracy that defendant QING LI and unindicted coconspirator #1 would use international and domestic telephone calls to plan the procurement of the accelerometers and to induce the undercover business to deliver the accelerometers to China.

**OVERT ACTS**

6.  In furtherance of the conspiracy, and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

   a.  On or about April 2, 2007, defendant QING LI sent an e-mail message to the undercover business asking for a picture of the Endevco 7270A-200K accelerometer.

   b.  On or about April 9, 2007, during a telephone call with an undercover federal agent, defendant QING LI advised that unindicted co-conspirator #1 would contact the undercover business by e-mail regarding the accelerometers, but that the e-mail would not mention defendant QING LI's name.

c. On or about April 15, 2007, unindicted coconspirator #1 sent an e-mail message to the undercover business stating that unindicted coconspirator #1 understood "the nature of the business and the risks we are both facing," but hoped that the undercover business would quote a lower price.

d. On or about October 2, 2007, defendant QING LI connected an undercover federal agent to a three-way telephone call with unindicted co-conspirator #1 to discuss the delivery of the accelerometers to China.

e. On or about October 2, 2007, defendant QING LI told an undercover federal agent that the client in China wanted to receive delivery of the accelerometers before making payment.

All in violation of Title 18, United States Code, Section 371.

DATED: October 18, 2007.

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
WILLIAM P. COLE
Assistant U.S. Attorney

5