1  PAUL A. GOLDBERGER, ESQ.
   STACEY VAN MALDEN, ESQ.
2  GOLDBERGER & DUBIN, P.C.
   401 Broadway
3  New York, NY  10013
   (212) 431-9380
4

5  GERARD J. WASSON
   California Bar No. 166636
6  2664 Fourth Avenue
   San Diego, California 92103-6515
7  Telephone: (619) 232-0181

8  Attorneys for Qing Li

9

10

11                       UNITED STATES DISTRICT COURT

12                     SOUTHERN DISTRICT OF CALIFORNIA

13                       (HONORABLE JEFFREY T. MILLER)

14

15  UNITED STATES OF AMERICA,        )   Criminal No. 07CR2915-JM
                                     )
16          Plaintiff,                )   Date: February 7, 2008
                                     )   Time: 1:30 p.m.
17  v.                               )
                                     )   NOTICE OF MOTIONS AND MOTIONS TO:
18  QING LI,                         )   1)  COMPEL DISCOVERY; and
            Defendant.               )   2)  FOR LEAVE TO FILE FURTHER
19                                   )       MOTIONS
                                     )
20  _____ )

21  TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY, and
           WILLIAM COLE, ASSISTANT UNITED STATES ATTORNEY
22         WILLIAM NARUS, ASSISTANT UNITED STATES ATTORNEY

23         PLEASE TAKE NOTICE that on Thursday, February 7, 2008, at 1:30 p.m., or as soon

24  thereafter as counsel may be heard, the defendant, Qing Li, by and through her counsel, Paul A. Goldberger,

25  Stacey Van Malden, Goldberger & Dubin, P.C., and Gerard J. Wasson, will ask this Court to enter an order

26  granting the motions listed below.

27  //

28  //

## MOTIONS

Qing Li, the defendant in this case, by and through her attorneys, Paul A. Goldberger, Stacey Van Malden, Goldberger & Dubin, P.C., and Gerard J. Wasson, pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, Fed. R. Crim. P. 12, 16 and 26, and all other applicable statutes, case law and local rules, hereby moves this Court for relief sought by the following motions:

1) to compel discovery; and
2) for leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

DATED: November 17, 2007                  Respectfully submitted,

/s/   Gerard J. Wasson
Paul Goldberger, Goldberger & Dubin, P.C.
Stacey Van Malden, Goldberger & Dubin, P.C.
Gerard J. Wasson
Attorneys for Defendant Li

PAUL A. GOLDBERGER, ESQ.
STACEY VAN MALDEN, ESQ.
GOLDBERGER & DUBIN, P.C.
401 Broadway
New York, NY  10013
(212) 431-9380

GERARD J. WASSON
California Bar No. 166636
2664 Fourth Avenue
San Diego, California 92103-6515
Telephone: (619) 232-0181

Attorneys for Qing Li

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07CR2915-JM |
| Plaintiff, | |
| v. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| QING LI, | |
| Defendant. | |

## I.

## STATEMENT OF THE CASE

On October 18, 2007, an Indictment was filed in the Southern District of California charging Ms. Qing Li with a violation of 18 U.S.C. § 371: conspiracy to commit offenses against the United States.

## II.

## MOTION TO COMPEL DISCOVERY

Some discovery has recently been made available to counsel for Ms. Li, because there is other discovery outstanding, the defense moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies"

under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

(1) The Defendant's Statements. Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2) Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding Ms. Li's arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to her. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

(3) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(D), Ms. Li requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any scientific chemical testing done, and any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are

material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

(4) <u>Brady Material</u>.  Ms. Li requests all documents, statements, agents' reports, and tangible evidence favorable to the defense on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976);

(5) <u>Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.)</u>.  As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

(6) <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);

(7) <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given four weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) <u>Evidence Seized</u>.  Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

(9) <u>Request for Preservation of Evidence</u>.  Ms. Li specifically requests that all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, any and all computer hardware, and any evidence seized from any third party.  It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform

those parties to preserve any such evidence;

(10) <u>Tangible Objects</u>. The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(11) <u>Evidence of Bias or Motive to Lie</u>. Ms. Li requests any evidence that any prospective government witness is biased or prejudiced against her, or has motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

(12) <u>Impeachment Evidence</u>. Ms. Li requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defense. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>. See, <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Ms. Li requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985);

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. Ms. Li requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

(15) <u>Witness Addresses</u>. Ms. Li requests the name and last known address of each prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The

1  defense also requests the name and last known address of every witness to the crime or crimes charged (or any
2  of the overt acts committed in furtherance thereof) who will not be called as a government witness. United
3  States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

4     (16) Name of Witnesses Favorable to the Defendant. Ms. Li requests the name of any witness
5  who made an arguably favorable statement concerning her, or who could not identify her, or who was unsure
6  of her identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968);
7  Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.),
8  cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S.
9  1086 (1980);

10    (17) Statements Relevant to the Defense. Ms. LI requests disclosure of any statement that may
11 be "relevant to any possible defense or contention" that she might assert. United States v. Bailleaux, 685 F.2d
12 1105 (9th Cir. 1982);

13    (18) Jencks Act Material. Ms. Li requests all material to which defendant is entitled pursuant
14 to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal
15 acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for
16 the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-
17 92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an
18 agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.
19 The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy
20 recesses during trial;

21    (19) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defense
22 requests all statements and/or promises, express or implied, made to any government witnesses, in exchange
23 for their testimony in this case, and all other information which could arguably be used for the impeachment
24 of any government witnesses;

25    (20) Personnel Records of Government Officers Involved in the Arrest. Ms. Li requests all
26 citizen complaints and other related internal affairs documents involving any of the agents or other law
27 enforcement officers who were involved in the investigation, arrest and interrogation of her, pursuant to
28 Pitchess v. Superior Court, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents,

defense counsel will not be able to procure them from any other source;

(21) <u>Government Examination of Law Enforcement Personnel Files</u>. Ms. Li requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. The defense requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), <u>cert. denied</u>, 503 U.S. 972 (1992). The obligation to examine files arises by virtue of the defense making a demand for their review. The Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Ms. Li prior to trial.

(22) <u>Notice and a Written Summary of Any Expert Testimony</u>.

Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications." Ms. Li specifically requests the government give her a written summary and notice of any expert testimony the government intends to introduce.

III.

<u>LEAVE TO FILE FURTHER MOTIONS</u>

As new information comes to light due to the government providing discovery, and later in response to these motions or an order of this Court, the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

///

///

///

# IV.

# **CONCLUSION**

For the foregoing reasons, Ms. Li respectfully requests that this Court grant these motions.

Respectfully submitted,

Dated: November 17, 2007            /s/   Gerard J. Wasson
                                    Paul A. Goldberger, Goldberger & Dubin, P.C.
                                    Stacey Van Malden, Goldberger & Dubin, P.C.
                                    Gerard J. Wasson, Esq.
                                    Attorneys for Defendant Li

PAUL A. GOLDBERGER, ESQ.
STACEY VAN MALDEN, ESQ.
GOLDBERGER & DUBIN, P.C.
401 Broadway
New York, NY 10013
(212) 431-9380

GERARD J. WASSON
California Bar No. 166636
2664 Fourth Avenue
San Diego, California 92103-6515
Telephone: (619) 232-0181

Attorneys for Qing Li

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 07CR2915-JM |
| Plaintiff, ) | |
| v. ) | CERTIFICATE OF SERVICE |
| QING LI, ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, GERARD J. WASSON, am a citizen of the United States and am at least eighteen years of age. My business address is 406 Ninth Avenue, Suite 205, San Diego, California, 92101.

I am not a party to the above-entitled action. I have caused service of the Defendant Qing Li's Motion to Compel Discovery and Leave to File Further Motions on the following parties by electronically filing the foregoing with the clerk of the District Court using its ECF System, which electronically notifies them.

Assistant United States Attorney william.cole@usdoj.gov

Assistant United States Attorney william.narus@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2007.        /s/   Gerard J. Wasson
                                       GERARD J. WASSON, ESQ.