1   KAREN P. HEWITT
    United States Attorney
2   WILLIAM P. COLE (SBN 186772)
    WILLIAM M. NARUS (SBN 243633)
3   Assistant U.S. Attorneys
    Federal Office Building
4   880 Front Street, Room 6293
    San Diego, CA 92101-8893
5   Telephone: (619) 557-7859/6219

6   Attorneys for Plaintiff
    United States of America

7

8                        UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )   Criminal Case No.  07CR2915-JM
                                     )
12              Plaintiff,           )
                                     )
13        v.                         )   GOVERNMENT'S MOTION IN LIMINE:
                                     )
14  QING LI,                         )      (1)     TO PRECLUDE EXPERT
                                     )              TESTIMONY BY DEFENSE;
15                                   )
                Defendants.          )   DATE: June 23, 2008
16                                   )   TIME:  9:00 a.m.
    _____)
17

18

19        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

20  Karen P. Hewitt, United States Attorney, and William P. Cole and William M. Narus, Assistant United

21  States Attorneys, and hereby files its Motion *in Limine* to Preclude Expert Testimony by Defense.

22

23

24

25

26

27

28

# I

## BACKGROUND

On February 29, 2008, the Court held a motion hearing.  The Court set a hearing on any motions *in limine* for June 23, 2008, at 9:00 a.m, and a jury trial for June 30, 2008, at 9:00 a.m.  On March 20, 2008, the Court issued an Order denying Defendant Qing Li's motion to dismiss the indictment and motions to suppress evidence.  On May 27, 2008, on the Court's own motion and at the request of counsel, the Court set a disposition hearing for June 9, 2008, at 9:00 a.m.

# II

## ARGUMENT

### Expert Testimony from the Defense Should Be Precluded

On February 11, 2008, the United States requested reciprocal discovery from Defendant.  The Government is permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in her case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial.  Moreover, Defendant must disclose written summaries of testimony that Defendant intends to use at trial.  Fed. R. Evid. 702, 703, 705.  The summaries are to describe the witnesses's opinions, qualifications, and bases and reasons for their opinions.  While defense counsel may wish to call an expert to testify, Defendant has not provided notice of any expert witness, any reports by expert witnesses, or any notice under Federal Rule of Criminal Procedure 12.2.  Accordingly, the Court should preclude any such expert testimony at trial.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999).  See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist

-2-

1  the jury in understanding the case); <u>see</u> <u>also</u> <u>United States v. Hankey</u>, 203 F.3d 1160, 1167 (9th Cir.

2  2000).

3       A disposition hearing is set for June 9, 2008.  In the event that it does not go forward, the

4  Government requests that the defense be precluded from introducing expert testimony at trial.

5  **III**

6  **<u>CONCLUSION</u>**

7       For the foregoing reasons, the Government respectfully requests that the Court grant the

8  Government's Motion *in Limine* to Preclude Expert Testimony by Defense.

9       DATED: May 29, 2008

10           Respectfully submitted,

11           KAREN P. HEWITT
         United States Attorney

12

13           *s/ William P. Cole*
         *<u>s/ William M. Narus</u>*

14           WILLIAM P. COLE
         WILLIAM M. NARUS

15           Assistant United States Attorneys
         Attorneys for Plaintiff

16           United States of America

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.  07CR2915-JM |
| Plaintiff, | ) | |
| v. | ) | |
| QING LI, | ) | CERTIFICATE OF SERVICE |
| Defendants. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, William M. Narus, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of the Government's Motion *in Limine* to Preclude Expert Testimony by Defense on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Gerard Jeffrey Wasson

Stacey Van Malden

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2008.

*s/ William M. Narus*
WILLIAM M. NARUS
Assistant United States Attorney
William.Narus@usdoj.gov

-4-